UNITED STATES DISTRICT COURT             O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JOSE MARTINEZ** | § | |
| *Petitioner*, | § | |
| VS. | § | **CIVIL ACTION NO. L-08-144** |
| | § | **CRIMINAL ACTION NO. L-07-794** |
| **UNITED STATES OF AMERICA** | § | |
| *Respondent.* | § | |

## OPINION & ORDER

Pending before the Court is Jose Martinez's ("Martinez") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. §2255. [Dkt. No. 1].[1] The Court has carefully reviewed all pertinent matters in this case. The Court concludes that it is not necessary to order the Government to respond because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255, Proc. R. 4(b); *see also United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Having duly considered the petition, supporting memorandum, and applicable law, Martinez's petition is **DISMISSED**.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §2255. Martinez's motion is timely because it was filed on October 28, 2008.[2] October 28, 2008 falls within one

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:08-cv-144. Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:07-cr-794.

[2] Although the Clerk received Martinez's motion on October 30, 2008, it is dated October 28, 2008. Thus, October 28, 2008 is the earliest date it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under *Houston v. Lack*, 487 U.S. 266, 276 (1988). *See United States v. Patterson,* 211 F.3d 927, 929-30 (5th Cir. 2000); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). The Court deems the petition filed as of the earlier date.

year of the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1) (2006).

## II.     FACTS AND PROCEEDINGS

### A.     The Underlying Conviction

On May 15, 2007, U.S. Border Patrol agents encountered Martinez, a Nicaraguan citizen. The agents arrested Martinez after he admitted he was a Nicaraguan citizen and illegally in the United States.  [Pre-Sentence Investigation Report ¶ 4].  On June 5, 2007, a federal grand jury sitting in Laredo, Texas returned a one-count indictment against Martinez for illegal re-entry after being deported from the United States in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557.  [Cr. Dkt. No. 6].  Martinez decided to forego trial and entered a plea of guilty orally before United States Magistrate Judge Adriana Arce-Flores to the indictment.  [Minute Entry of 7/12/2007].  The Court accepted his plea.  [Cr. Dkt. No. 16].

On November 7, 2007, Martinez appeared before this Court for sentencing.  In its Pre-Sentence Investigation Report, the U.S. Probation Office noted that Martinez had been convicted of attempted robbery with a firearm in Orlando, Florida in 1997.  [Pre-Sentence Investigation Report ¶ 5 & Attachments].  The Court made note of this previous conviction and increased Martinez's base offense level by sixteen (16) under United States Sentencing Guideline § 2L1.2(b)(1)(A) (2007).   The Court sentenced Martinez to thirty-seven (37) months imprisonment.  [Minute Entry of 11/7/2007].  The Court entered judgment on November 20, 2007.  [Cr. Dkt. No. 30].  On November 7, 2007, Martinez's counsel filed a notice of appeal. [Cr. Dkt. No. 27, 28].  In a motion to withdraw as counsel and an *Anders* brief on April 15, 2008, counsel advised the Court of Appeals that "Counsel has carefully examined the facts and

documents contained in the record on appeal, has researched the law regarding this case, and has come to the conclusion that the appeal presents no legally non-frivolous issues." [Att'y App. Br. at 3]. Martinez did not file a response. Based on its own review of the record and counsel's brief, the Fifth Circuit then dismissed the appeal because no non-frivolous issue for appeal existed. *See United States v. Jose Martinez*, No. 07-41123, 2008 WL 3863497, *1 (5th Cir. Aug. 20, 2008) (unpublished per curiam). Martinez moved for a rehearing which the Court of Appeals denied. *See United States v. Jose Martinez*, No. 07-41123 (5th Cir. Sept. 23, 2008).

### B. The Current Petition

In his §2255 motion, Martinez first argues that he received ineffective assistance of counsel. Particularly, Martinez asserts that his counsel told Martinez that he would appeal his case but he did not. [Dkt. No. 1 at 7]. Second, Martinez contends that his base offense level should not have been enhanced for his prior conviction. The Court construes Martinez's motion liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and consider each facet of the Petition in turn.

## III. LEGAL STANDARDS

### A. Legal Standard under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise

subject to collateral attack.  28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).  After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2255, Proc. R. 4(b).

**B.      Ineffective Assistance of Counsel**

In order to merit post-conviction relief due to ineffective assistance of counsel, Martinez must demonstrate that (1) counsel's performance was deficient and (2) that he suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994) (summarizing the *Strickland* standard of review).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *See id.*; *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) (finding that "[f]ailure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim . . . .").  Thus, a court does not have to analyze both components of a claim of ineffective assistance of counsel if the movant has made an insufficient showing as to one prong.  *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

Under the "performance" prong, counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  Counsel need not raise every non-frivolous issue on appeal to be effective.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 2000).  The reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.  Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the

court's attention." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (*citing Williamson*, 183 F.3d at 463).

Under the "prejudice" requirement, Martinez must show a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *Strickland*, 466 U.S. at 689. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane v. Johnson*, 178 F.3d 309, 312-313 (5th Cir. 1999) (citing *Ransom v. Johnson,* 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

## IV.    DISCUSSION

Martinez first has alleged ineffective assistance of counsel, a wrong of constitutional proportion, which is proper in a motion under 28 U.S.C. §2255. Martinez asserts, "My attorney lie[d] to me regarding [the] appeal. He never even put a notice to appeal. He didn't do research in this case and the prior either; he really did[] nothing." [Dkt. No. 1 at 7].

Contrary to Martinez's assertion, Martinez's Counsel did perfect Martinez's appeal by filing a timely notice of appeal. Counsel filed the notice of appeal on November 7, 2007, the same day he was sentenced. [Cr. Dkt. No. 27, 28]. Counsel later filed an *Anders v. California*, 382 U.S. 738 (1967), brief. In this brief, Counsel asserted that he had "carefully examined the facts and documents contained in the record on appeal, has researched the law regarding this case and has come to the conclusion that the appeal presents no legally non-frivolous issues." [Att'y App. Br. at 3]. To reach this result, Counsel states that he read the transcripts created for the appeal and "did not find any violations of the Rule 11 proceeding, or any violations that may

have occurred at the sentencing hearing, or any violations of the U.S. Constitution, Federal Rules of Procedure, Federal Rules of Evidence, or the Sentencing Reform Act of 1984." [*Id.*]. The Fifth Circuit after an "independent review of the record and counsel's brief" concluded there was "no nonfrivolous issues for appeal." *United States v. Martinez,* No. 07-41123, 2008 WL 3863497 (5th Cir. Aug. 20, 2008) (unpublished per curiam). The Fifth Circuit dismissed the appeal. [*Id.*]. The fact that Counsel filed an *Anders* brief stating that an appeal would be legally frivolous based on his examination of the record does not render counsel's performance deficient. Martinez's allegation that appellate counsel did not review the record or analyze possible bases for appeal is wholly conclusory and unsupported based on counsel's *Anders* brief.

Further, the only basis that Martinez cites in his §2255 motion that his counsel should have raised on appeal is the sixteen level enhancement he received under § 2L1.2(b)(1)(A) of the U.S. Sentencing Guidelines for a prior conviction. [Dkt. No. 1 at 7]. Martinez specifically asserts "in his first sentence (gun case), he got sentenced to probation only, not sentence of any jail term[.] [A]ccording to the guidelines commission, he [Martinez] can't have a[n] enhancement since he got only probation no time." [Dkt. No. 1 at 7]. The Court now turns to analyzing the merits of this argument.

Section 2L1.2(b)(1)(A)(ii) directs a sentencing court to increase the offense level for illegal reentry by sixteen levels if the defendant previously was convicted of a "crime of violence and that offense was *punishable* by a term of imprisonment of more than one year." UNITED STATES SENTENCING GUIDELINES § 2L1.2 & cmt. n.2 (2007). A conviction for an attempt of a crime of violence is included under § 2L1.2(b)(1). *Id.* § 2L1.2, cmt n.5 (stating "prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."). The Sentencing Guidelines

define a crime of violence as: (1) an enumerated specified offense; or (2) "any offense under federal, state, or local law that has an element of the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 2L1.2, cmt. n.1(B)(iii).

In 1997, Martinez pled *nolo contendere* and subsequently was convicted of attempted robbery with a deadly weapon under combined Florida statute sections 812.13(2)(a), 777.04, and 775.087(2).[3]   [Pre-Sentence Investigation Report, Attachments].   While Martinez did not actually serve any time for this offense,[4] attempted robbery with a deadly weapon is a crime of violence.  First, robbery is included in the list of enumerated offenses as crimes of violence under § 2L1.2(b)(1).  U.S.S.G. § 2L1.2(b)(1), cmt. n.1(B)(iii).  Second, the Fifth Circuit in *United States v. Flores-Hernandez*, 250 Fed.Appx. 85 (5th Cir. Oct. 5, 2007), held that defendant's Florida conviction under FLA STAT. ANN. §812.13 for robbery was a conviction of a crime of violence.  *Id.* at 86-89.  The Fifth Circuit then affirmed the defendant's sentence including the sixteen-level enhancement for a crime of violence in his sentencing for illegal reentry after deportation.  *Id.* at 89; *see also United States v. Andino*, 148 Fed.Appx. 828 (11th Cir. Sept. 6, 2005) (concluding district court properly applied sixteen-level enhancement under § 2L1.2(b)(1)(A)(ii) because a Florida state conviction under FLA. STAT. ANN. §812.13 was a "crime of violence").  Further, Martinez used a deadly weapon in the attempted commission of this robbery of a person.  The fact that this was only an attempted robbery with a deadly weapon does not matter because the Sentencing Guidelines direct the Court to include attempts of crimes of violence under §2L1.2(b)(1).  *See* § 2L1.2 cmt n.5; *see also United States v. Trujillo-Loya*,

---

[3] Section 812.13(2)(a) of the Florida statute criminalizes committing a robbery while carrying a firearm or other deadly weapon.  FLA. STAT. ANN. § 812.13(2)(a) (West 1997).  It encompasses section 812.13(1) which defines "robbery."  *Id.* at § 812.13.  Section 777.04 defines attempts, solicitation, and conspiracy under Florida law.  *Id.* at § 777.04.  Section 775.087(2) provides minimum sentences.  *Id.* at § 775.087.

[4] The Circuit Court in Orange County sentenced the Defendant to 188 days in the Orange County Jail but gave the Defendant credit for 188 days as time served.  The court also placed the Defendant on three years of probation. [Pre-Sentence Investigation Report, Attachment: Order of Probation].

267 Fed.Appx. 399, 400-01 (5th Cir. 2008) (holding § 2L1.2 sixteen-level enhancement proper because attempted second-degree robbery which involved the felonious taking of personal property from another's person or immediate presence under California state law was a crime of violence). Therefore, Martinez's argument that his sentence should not have been enhanced by sixteen levels for his conviction of attempted robbery with a deadly weapon lacks merit.

Further, Martinez's ineffective assistance of counsel claim fails because Martinez has not shown a reasonable probability that he would have prevailed on an appeal to the Fifth Circuit if his counsel had challenged his sixteen level sentencing enhancement. Martinez cannot demonstrate prejudice as required under the *Strickland* test. *See Stewart*, 207 F.3d at 751 (noting that if movant has made an insufficient showing as to one prong the court does not have to analyze the other Strickland prong).

## V.    CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Amend Judgment is **DISMISSED with prejudice**. Any future request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

DONE this 18th day of November 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE